IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ALFRED RUSSELL MARTIN,** | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 3:24-CV-00106-E |
| v. | § § | |
| **CENTRAL TRANSPORT, LLC,** | § § | |
| *Defendant.* | § § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Central Transport LLC ("Defendant") files its Answer to Plaintiff Alfred Russell Martin's ("Plaintiff") Complaint (Doc. 1) ("Complaint") and respectfully states the following:

### I. COMPLAINT

**STATEMENT OF THE CASE:**

1. Defendant denies the allegations in paragraph 1 of the Complaint.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. As for the allegations in paragraph 5 of the Complaint, Defendant acknowledges that Plaintiff alleges it violated Section 1981.

**Parties**

6. Defendant is without sufficient information to admit or deny the assertions in paragraph 6 of the Complaint, and for that reason, Defendant denies the allegations.

7. Defendant denies that it is a corporation, but Defendant admits the remaining allegations in paragraph 7 of the Complaint.

## Jurisdiction

8. Defendant states that Paragraph 8 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

9. Defendant states that Paragraph 9 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

## Venue

10. Defendant states that Paragraph 10 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

## Material Facts

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant is without sufficient information to admit or deny the assertions in paragraph 17 of the Complaint, and for that reason, Defendant denies the allegations.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

## COUNT ONE:

## Discrimination in Violation of Section 1981

### (Racially Hostile Work Environment; No Tangible Job Detriment)

50. Defendant states that Paragraph 50 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

51. Defendant states that Paragraph 51 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

52. Defendant states that Paragraph 52 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

53. Defendant states that Paragraph 53 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

54. Defendant states that Paragraph 54 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

55. Defendant states that Paragraph 55 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

## COUNT TWO:

### Violation of Section 1981; Discrimination/Discharge

56. Defendant states that Paragraph 56 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

57. Defendant states that Paragraph 57 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

58. Defendant states that Paragraph 58 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

## COUNT THREE:

### Violation of Section 1981; Retaliation/Discharge

59. Defendant states that Paragraph 59 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

60. Defendant states that Paragraph 60 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

61. Defendant states that Paragraph 61 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

62. Defendant states that Paragraph 62 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

63. Defendant states that Paragraph 63 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

64. Defendant states that Paragraph 64 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

65. Defendant states that Paragraph 65 of the Complaint states legal conclusions to which no response is required, and therefore Defendant denies the allegations of this paragraph.

**Jury Demand**

66. Defendant admits that Plaintiff demanded a Jury, but denies Plaintiff is entitled to any relief sought.

## II.   AFFIRMATIVE AND OTHER DEFENSES

Defendant sets forth its defenses, including affirmative defenses, as follows:

1. Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, and/or after-acquired evidence.

2. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

3. Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

4. Plaintiff's claims for compensatory and punitive/exemplary damages are capped or limited by applicable law, including Chapter 41 of the Texas Civil Practice and Remedies Code and common law.

5. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

6. Plaintiff's claims for exemplary damages are barred because the alleged acts or omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's

protected rights, and are not so wanton and willful as to support an award of exemplary damages.

7. Plaintiff's claims for exemplary damages are barred to the extent that the imposition of exemplary damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

8. Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

9. With respect to some or all of Plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted.

10. At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause. There were no contracts or agreements that altered Plaintiff's at-will employment status.

11. As a result of Plaintiff's unreasonable delay in asserting Plaintiff's rights, Defendant has suffered a good faith change of position to Defendant's detriment. Therefore, whatever right Plaintiff might otherwise have had to bring a timely action against Defendant is barred by laches.

12. Plaintiff did not engage in the requisite protected conduct necessary to establish a retaliation claim.

13. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified,

confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

14. Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

15. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

16. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

17. Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award it any such other relief that this Court deems just and proper.

Dated: February 12, 2024                               Respectfully submitted,

/s/ Talley R. Parker
Talley R. Parker
Texas State Bar No. 24065872
talley.parker@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
(214) 520-2400 – Telephone
(214) 520-2008 – Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On February 12, 2024, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically, as authorized by Federal Rule of Civil Procedure 5(b)(2), including Wade A. Forsman.

/s/ Talley R. Parker
Talley R. Parker